## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JUMA ALLEN | : | |
| 15216 Drusillas Drive | : | |
| Pflugerville, TX 78660 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.:_____ |
| | : | |
| v. | : | |
| | : | |
| TUFF WRAP INSTALLATIONS, INC. | : | |
| d/b/a Tuff Wrap Installations | : | **JURY TRIAL DEMANDED** |
| 2080 Detwiler Road, | : | |
| Harleysville, PA 19438 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Juma Allen (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Tuff Wrap Installations, Inc., d/b/a Tuff Wrap Installations (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000 *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII and Section 1981.

## JURISDICTION AND VENUE

2.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3.      This Court has supplemental jurisdiction over Plaintiff's future state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative facts.

4.      Pursuant to 28 U.S.C. § 1391(b)(1), venue is properly laid in this district because Defendant is headquartered in this judicial district and because transactions or occurrences underlying the allegations in this lawsuit occurred within or from this District.

5.      Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is a corporation that operates throughout the United States and Canada, with its corporate headquarters located in Harleysville, Pennsylvania, where Plaintiff was primarily based.

9.      Defendant has clientele throughout the United States and requires certain employees to perform work wherever clients contract for Defendant's services.

10.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was hired by Defendant in or about November 13, 2015.

13.     In total, Plaintiff was employed by Defendant for almost eight (8) years.

14.     During his tenure with Defendant, Plaintiff was employed as an Installer, wherein he would (among other varying tasks) assist Defendant's clientele with the installation and removal of mechanically fastened plastics and debris containment.

15.     As an Installer, Plaintiff would be required to travel throughout the United States to perform work for Defendant's clients.

16.     At all times relevant herein, Plaintiff reported to Defendant's management including: Elvis Huymaier; Project Manager (hereinafter "Huymaier"), Hisham Jaber (hereinafter "Jaber"), Steve Verna; former Operations Manager (hereinafter "Verna"); and Jeffrey Bennett (hereinafter "Bennett"). Plaintiff's overall management was based in Pennsylvania (where Defendant is headquartered).

17.     As the General Manager, Bennett largely oversees, manages, and operates Defendant's business (in relation to employees such as Plaintiff).

3

18.     Defendant publicly posts all of its management on its company website; and of the thirty-four (34) individuals posted, all are non-black; including Bennett (while there were 31 non-black management posted as of the date in which Plaintiff's was terminated).

19.     Plaintiff is a black (African American) male, and he was one of only very few African American employees employed for Defendant.

20.     At all times relevant hereto, Plaintiff performed his job responsibilities in a dutiful and competent manner, was well-liked by clients, and received praise by clients on numerous occasions.

21.     Despite Plaintiff's strong work ethic and satisfactory work performance, he was subjected to discriminatory and disparate treatment, including but not limited to: (a) being falsely accused of misconduct at times; (b) being denied promotions/raises; (c) getting paid less per hour (or other compensation) as compared to lesser qualified non-black employees;( d) being wrongly suspended; and (e) a barrage of abusive mistreatment (such as pervasive yelling and intimidation).

22.     Plaintiff expressed that he was seeking a promotion and made it clear he sought upward mobility (to Defendant's management). This was known to Defendant's management even without Plaintiff "formally" applying for opportunities. By way of examples, Plaintiff applied for crew leader or management positions (and supervisory roles in general) numerous times and was denied or not considered, despite his extensive experience (and better qualifications than those selected).

23.     Plaintiff complained about the discriminatory treatment he was experiencing. By way of example(s), in late 2022, Plaintiff confronted Bennett on at least two separate occasions complaining that he felt he was being treated differently because of the "color of [his] skin" and that Bennett did not promote him because of his "skin color." Plaintiff even requested copies of

data showing promotions so he could address in detail that his non-advancement was unfair. Bennett was dismissive of Plaintiff and refused Plaintiff any data or documents; and instead, Plaintiff was (retaliatorily) given less jobs and less work in a lead capacity.

24.    Plaintiff was compelled to escalate discrimination concerns directly to Bennett because human resources and other management had claimed "all races were represented" in an alleged "investigation" when Plaintiff had previously complained throughout mid-2022.

25.    Because Plaintiff was getting less work and less lead work, Plaintiff approached Bennett towards the spring of 2023 (in or about late February or very early March of 2023). Plaintiff complained that better jobs and roles were being given to non-black employees and that there were other aspects of the workplace that were unfair. Plaintiff again mentioned that he felt treated unfairly based upon his "race" and wanted to be treated fairly.

26.    In very close temporal proximity **after** Plaintiff's late February or very early March 2023 concerns of racial discrimination, Bennett falsely accused Plaintiff of checking in around 10:38 PM at a hotel and claiming that Plaintiff lied and actually checked in around 12:30 AM. Bennett was attempting to manufacture discipline to retaliate against Plaintiff, but Plaintiff proved the hotel auto-checked him in. Bennett was both embarrassed and proven to have made false accusations.

27.    Despite being proven incorrect, as of mid-March 2023, Bennett completely changed his purported concerns about Plaintiff's hotel check-in time. Instead, Bennett (newly) claimed that Plaintiff wrongly entered his time on Defendant's time-tracking system.

28.    Plaintiff disputed the pretextual reason, and complained it was both retaliatory and discriminatory. But he was nonetheless suspended for nearly two weeks, and his complaints did not change the outcome.

29.    In the summer of 2023, Bennett was non-stop yelling at Plaintiff when he communicated. Bennett also continued to give Plaintiff less hours and less desirable roles.

30.    In the summer of 2023, Bennett also directed Plaintiff that he had to pay an extra fee to a hotel because Plaintiff left a window open in his hotel room while staying there. Plaintiff was told this caused additional electricity to be used by the hotel. The room was very stuffy, the window was not locked or prohibited from being open, and Plaintiff had never heard of a hotel trying to pass off electricity costs to a customer (such as Plaintiff).

31.    Plaintiff made at least 2-3 more explicit complaints to Bennett and/or Jaber that everything that was going on towards him was blatantly because of his skin color and in retaliation for him raising concerns of mistreatment about his race.

32.    Despite Plaintiff's continued complaints of discriminatory treatment, in or around June 27, 2023, Defendant promoted Alex Hightower (hereinafter "Hightower") to a Crew leader although he was employed by Defendant for approximately eight (8) months; and was being shown how to perform basic aspects of the job by other employees, including Plaintiff.

33.    When Plaintiff complained to Huymaier about Hightower's promotion, Huymaier merely told Plaintiff "Quit simple five billion jobs" instead of investigating his complaints of discrimination and unfair treatment.

34.    From November of 2022 through mid-August of 2023, Plaintiff made at least 6-8 complaints of discrimination to Bennett directly. He also expressed similar concerns **to other management**, but there was no meaningful remedy, intervention, serious investigation, or mitigation of the hostile work environment.

35.    Shortly after Plaintiff's last complaint(s) of discriminatory treatment, in mid-August of 2023, Plaintiff was abruptly terminated; and given no reason(s) for his termination.

36.     When Plaintiff reached out to Bennett to explain his purported reasons for termination, Bennett emailed Plaintiff stating: "The decision to terminate was based on your entire work record" and "[t]his email shall confirm that you were terminated on August 18, 2023."[2]

37.     The actions towards Plaintiff by Bennett as outlined in this lawsuit are examples (for notice pleading) only. The abuse Plaintiff experienced in scheduling, yelling, abusive behavior, contempt, denial of upward mobility, unequal treatment, lesser compensation, and in other ways were pervasive and unmitigated.

## COUNT I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Race Discrimination; [2] Retaliation)

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     During Plaintiff's employment with Defendant, he was subjected to discrimination based on his race by Defendant's management and retaliation as outlined in this lawsuit. Plaintiff seeks relief for the following actions taken against him:

(a) Denial of equal compensation (based upon race);

(b) Denial of hours and lead work;

(c) Denial of and non-consideration of promotions;

(d) Being subjected to a hostile work environment;

(e) Pretextual admonishment or discipline;

(f) Pretextual suspension(s); and

(g) Pretextual termination from employment.

---

[2] As outlined in Plaintiff's EEOC Charge, Bennett lacks credibility and has a significant criminal history anticipated to be used for impeachment and other permissible evidentiary bases.

40.     Plaintiff complained of the aforesaid racially discriminatory treatment that he was being subjected to by Defendant's management. However, his complaints were ignored, not properly escalated, and never fully or effectively investigated.

41.     Instead of meaningfully investigating Plaintiff's aforesaid complaints of race discrimination, Defendant terminated Plaintiff's employment for pretextual and selectively enforced reasons (following a lengthy hostile work environment).

42.     Plaintiff experienced the actions as outlined herein because of his race and/or complaints of discrimination.

43.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation)**

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     During Plaintiff's employment with Defendant, he was subjected to discrimination based on his race by Defendant's management and retaliation as outlined in this lawsuit. Plaintiff seeks relief for the following actions taken against him:

(a) Denial of equal compensation (based upon race);

(b) Denial of hours and lead work;

(c) Denial of and non-consideration of promotions;

(d) Being subjected to a hostile work environment;

(e) Pretextual admonishment or discipline;

(f) Pretextual suspension(s); and

(g) Pretextual termination from employment.

46.    Plaintiff complained of the aforesaid racially discriminatory treatment that he was being subjected to by Defendant's management, However, his complaints were ignored, not properly escalated, and never fully or effectively investigated.

47.    Instead of meaningfully investigating Plaintiff's aforesaid complaints of race discrimination, Defendant terminated Plaintiff's employment for pretextual and selectively enforced reasons (following a lengthy hostile work environment).

48.    Plaintiff experienced the actions as outlined herein because of his race and/or complaints of discrimination.

49.    These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.      Plaintiff is to be awarded any and all statutory enhancements available as a matter of law; and

G.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:   _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  March 6, 2024

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|   |   |   |
|---|---|---|
| | : | **CIVIL ACTION** |
| Juma Allen | : | |
| v. | : | |
| | : | |
| Tuff Wrap Installations, Inc. d/b/a Tuff Wrap Installations | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 3/6/2024 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _15216 Drusillas Drive, Pflugerville, TX 78660_____

Address of Defendant: _2080 Detwiler Road, Harleysville, PA 19438_____

Place of Accident, Incident or Transaction: _Defendants place of business_____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/6/2024_____    _____    _ARK2484 / 91538_____
                              *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     *Federal Question Cases:*

☐  1. Indemnity Contract, Marine Contract, and All Other Contracts
☐  2. FELA
☐  3. Jones Act-Personal Injury
☐  4. Antitrust
☐  5. Patent
☐  6. Labor-Management Relations
☒  7. Civil Rights
☐  8. Habeas Corpus
☐  9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

*B.*     *Diversity Jurisdiction Cases:*

☐  1. Insurance Contract and Other Contracts
☐  2. Airplane Personal Injury
☐  3. Assault, Defamation
☐  4. Marine Personal Injury
☐  5. Motor Vehicle Personal Injury
☐  6. Other Personal Injury *(Please specify):* _____
☐  7. Products Liability
☐  8. Products Liability – Asbestos
☐  9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _3/6/2024_____    _____    _ARK2484 / 91538_____
                              *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ALLEN, JUMA

**(b)** County of Residence of First Listed Plaintiff    Travis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

TUFF WRAP INSTALLATIONS, INC. D/B/A TUFF WRAP INSTALLATIONS

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1   U.S. Government Plaintiff

**X** 3   Federal Question *(U.S. Government Not a Party)*

2   U.S. Government Defendant

4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane    365 Personal Injury - | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability    Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel &    367 Health Care/ | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Pharmaceutical Personal Injury | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers'    Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 340 Marine | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle    370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle    371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | Product Liability    380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | 360 Other Personal Injury    385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights    **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting    463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | **X** 442 Employment    510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations    530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment    535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other    **Other:** 540 Mandamus & Other | **IMMIGRATION** | | |
| | 448 Education    550 Civil Rights | 462 Naturalization Application | | |
| | 555 Prison Condition | 465 Other Immigration Actions | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding    2 Removed from State Court    3 Remanded from Appellate Court    4 Reinstated or Reopened    5 Transferred from Another District *(specify)*    6 Multidistrict Litigation - Transfer    8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); SECTION 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    3/6/2024    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Print    Save As...    Reset